## Case No. 15,552.

### UNITED STATES v. LAKEMAN.

[2 Mason, 229.] [1]

Circuit Court, D. Massachusetts. May Term, 1820.

INDICTMENT—VARIANCE—FISHING BOUNTY—FALSE DECLARATION.

In an indictment on the seventh and ninth sections of the act granting a bounty to vessels employed in the cod fisheries, (Act July 29, 1813, c. 35 [3 Stat. 49]), for making a false declaration, the indictment having stated the purport of the written paper to be that the vessel was of the burthen of 14 tons and 45-95ths of a ton, whereas the paper produced stated it to be 14 tons and 50-95ths of a ton, the variance was held fatal.

Indictment [against Humphrey Lakeman] for making a false declaration as to the employment of a vessel in the cod fisheries, contrary to the act of congress of July 29, 1813, c. 34, §§ 7, 9. The indictment in describing the agreement and certificate required to be sworn to, by the seventh section of the act, and in respect to which, the false declaration was averred to be made, stated that the defendant produced to the collector, "a certain paper, purporting to be a written account of the length, breadth and depth of the said boat or vessel, in substance and effect as follows, that is to say, that the boat Fame, of Ipswich, was of the burthen of fourteen tons and 45-95ths of a ton, that she was employed in the bank and other cod fisheries, &c. &c." At the trial, upon the plea of not guilty, the paper produced as that described in the indictment, stated the boat to be of the burthen of fourteen tons and 50-95ths of a ton.

Webster & Saltonstall, for defendant.
G. Blake, U. S. Dist. Atty.

THE COURT held the variance, viz. 45-95ths instead of 50-95ths of a ton, to be fatal; and a verdict was given for the defendant.